UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 08-22724-Civ-COOKE/WHITE
(03-20483-Cr-COOKE)

CAREY LEE WILLIAMS,

    Petitioner

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

THIS MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge, pursuant to Administrative Order 2003-10 of this Court, for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. On November 5, 2009, Judge White held an evidentiary hearing regarding the Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. Judge White issued a Report (ECF No. 34), recommending that the Petitioner's first claim, asserting that he was denied effective assistance of counsel where his lawyer failed to advise him regarding the benefits of pleading guilty versus proceeding to trial, be granted and that the Petitioner be given the opportunity to plead guilty, receiving the same benefits he would have received has the offer been conveyed and accepted, prior to filing the 851 enhancement. The Respondent objected to the Report. On July 21, 2010 I held an evidentiary hearing in this matter. I have considered Judge White's Report and Recommendations, and have made a *de novo* review of the record.

As a threshold matter, the Petitioner's claims are not time-barred. All of the issues presented in the evidentiary hearing relate back to the initial 2255 Motion, because they all arise

from the same "conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Although the Petitioner was represented by counsel at the evidentiary hearing, his initial 2255 Motion was filed *pro se*. It is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

Judge White's Report concludes that the Petitioner suffered a Sixth Amendment violation based on his counsel's ineffective assistance. The ineffective assistance arose, in part, when the Petitioner's attorney advised him to sign the proffer agreement, *without first reviewing the text of the agreement*. The ineffective assistance was then compounded when the Petitioner's attorney failed to advise him of the ramifications of rejecting the government's plea offer. Reviewing the 2255 Motion, as a whole, all of these issues were either directly raised in the initial briefing, or "arose out of the conduct, transaction, or occurrence set out" in the 2255 Motion.

I find Magistrate Judge White's Report clear, cogent, and compelling. I agree with Judge White's primary recommendation, that the Petitioner be given the opportunity to plead guilty, receiving the same benefits he would have received had the offer been conveyed and accepted, prior to filing the 851 enhancement. The testimony and evidence presented at the July 21, 2010 hearing supports this conclusion.

"Cases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *U. S. v. Morrison*, 449 U.S. 361, 365 (1981). The proper approach is "to identify and then neutralize the taint by tailoring relief appropriate in the circumstances to assure the defendant the effective assistance of counsel . . . ." *United States.*

*v. Walker*, 839 F.2d 1483, 1486 (11th Cir. 1988) (quoting *Morrison*, 449 U.S. at 365).

Where an individual has received ineffective assistance of counsel "at the plea stage, a necessary part of the district court's remedial authority includes its ability to put the defendant back in the position he would have been but for the ineffective assistance of counsel." *See United States v. Morris*, 470 F.3d 596, 600 (6th Cir. 2006); *see also United States v. Blaylock*, 20 F.3d 1458, 1468 (9th Cir. 1994) (explaining that where the "defendant was deprived of the opportunity to accept a plea offer, putting him in the position he was in prior to the Sixth Amendment violation ordinarily will involve reinstating the original offer"). "[E]ven if one might perceive that the government's competing interest might be infringed by requiring that the original offer be reinstated, a contrary result would impermissibly shift the risk of ineffective assistance of counsel from the government to [the defendant]." *Blaylock*, 20 F.3d at 1469.

Based upon my *de novo* review of the record, it is **ORDERED and ADJUDGED** that:

1. Judge White's Report and Recommendation (ECF No. 34) is **AFFIRMED and ADOPTED**. The Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **GRANTED**, consistent with Judge White's Report and this Order. The Petitioner's sentence is **VACATED**. The Petitioner will be given the opportunity to plead guilty, receiving the same benefits he would have received had the Plea Agreement (ECF No. 18-2) been conveyed and accepted, prior to the Government filing the 851 enhancement.

2. A status conference in Case No. 03-20483-Cr-COOKE, is scheduled for **March 2, 2011 at 1:30 p.m.** At that time it will be determined whether the Petitioner's present counsel will be representing him at the change of plea hearing, or whether new counsel must be appointed.

3. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in chambers, at Miami, Florida, this day of 31st day of January 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Patrick A. White, U.S. Magistrate Judge*
*Counsel of record*

4